# FILOSA GRAFF LLP

Ariel Y. Graff
(212) 203-3473
agraff@filosagraff.com

April 3, 2020

**VIA ECF**

The Hon. Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Benson v. Ruttura & Sons Construction Co., et al.*, No. 20-cv-00853 (JS)(ST)

Dear Judge Seybert:

We represent Plaintiff William Benson ("Plaintiff" or "Mr. Benson") in the above-referenced action against his former employer and its principal, alleging claims under the FMLA, the New York State Human Rights Law ("State HRL") and the New York Labor Law ("NYLL"). We write in opposition to Defendants' letter dated March 27, 2020 (ECF Doc. 8), which requests a pre-motion conference in connection with Defendants' anticipated motion to dismiss Plaintiff's age and disability-related claims of discrimination and retaliation under the State HRL. As set forth below, Defendants' pre-motion letter mischaracterizes the allegations of the Complaint and misconstrues applicable law. Proceeding with formal briefing on such a motion would therefore impose unwarranted burdens on the Court and the parties, without in any way narrowing the scope of claims and allegations at issue or otherwise impacting the trajectory of this case.

## I.    Allegations of the Complaint

Mr. Benson is 60 years old. He was employed as a Construction Foreman for Defendant Ruturra Construction ("Ruttura Construction") and its owner and Chief Executive Officer, Defendant Thomas Ruttura ("Mr. Ruttura"), for approximately 25 years (*see* Compl. ¶¶ 16-18). Throughout his lengthy tenure with Defendants, Mr. Benson's performance met or exceeded Defendants' reasonable expectations for his position (*id*. ¶ 20). Mr. Benson was never informed of any concerns about his performance, and he expected to continue serving as a Construction Foreman with Defendants for the remaining years of his career (*id*. ¶ 21).

In Spring 2019, Mr. Benson was required to undergo a Laminectomy (an operation on his spine), which required him to take an approved medical leave from approximately March 26 through July 26, 2019 (*id*. ¶ 22). This period of leave enabled Mr. Benson to fully recover, and he was able to resume his duties as a Construction Foreman without any restrictions or impairment when he returned to work (*id*. ¶ 23). Approximately one-week after Mr. Benson returned to work, Mr. Ruttura unilaterally cut Mr. Benson's hourly rate of pay by approximately fifty percent, both retroactive to the date of his return from leave and going forward (*id*. ¶ 24). No other foremen or employees of Defendants were subject to such a pay cut (*id*. ¶ 25). Although Mr. Benson

objected to the sudden, drastic cut in pay, Mr. Ruttura refused to meet with Mr. Benson to address his objections in detail or to proffer any justification for Defendants' conduct (*id*. ¶ 26).

Several weeks later, on September 25, 2019, Mr. Benson approached Mr. Ruttura's payroll clerk to ask about hours of work that were missing from his paycheck (*id*. ¶ 28). Neither the payroll clerk nor Mr. Ruttura engaged with Mr. Benson or provided him with a clear answer or explanation for those unpaid hours, or for Mr. Ruttura's prior decision to cut Mr. Benson's hourly compensation by approximately half (*id*. ¶ 29). Two days later, on September 27, Mr. Ruttura directed a junior employee to inform Mr. Benson that he was fired effective immediately and without any explanation (*id*. ¶ 30). Defendants' business was both strong and expanding, and Mr. Ruttura had been looking to hire more construction foremen at the time of Mr. Benson's termination (*id*. ¶ 31).

## II. Plaintiff's Well-Pleaded Claims Under the State HRL

As briefly set forth below, Defendants' pre-motion letter fails to identify any valid grounds for dismissal of Plaintiff's claims under the State HRL and should be denied in its entirety if filed.

### A. Age Discrimination

Defendants' challenge to Plaintiff's age discrimination claim hinges on the mistaken assertion that the Complaint "fails to allege any facts giving rise to the minimal inference of discriminatory causality" to state a claim under the State HRL (*see* ECF Doc. 8 at 2). This conclusion is refuted, however, by the allegations that Defendants singled Mr. Benson out for a 50% cut in pay, followed by the abrupt termination of his 25-year employment, at a time when Mr. Benson: (i) was 60 years old, (ii) had just returned from an extended period of medical leave—for a procedure associated with advancing age after a lengthy career in the construction industry, (iii) was fully capable of performing his duties, (iv) was never given any neutral or other justification Defendants' adverse actions against him, and (v) as Defendants' business was expanding and required the services of additional Construction Foremen such as Mr. Benson. For purposes of a motion to dismiss, these circumstances amply support the reasonable, minimal inference that Defendants took these adverse actions based on a discriminatory and unfounded belief that Mr. Benson's advancing age precluded him from continuing to perform his role despite his qualifications and ability. Defendants' anticipated motion to dismiss Mr. Benson's age discrimination claim should therefore be denied.

### B. Disability Discrimination

Defendants appears to argue that the Complaint fails to allege an actionable adverse employment actions based on Defendants' perception that Mr. Benson suffered from a disability within the meaning of the State HRL. Yet, as noted above, the Complaint plainly alleges that Defendants targeted Mr. Benson with a drastic halving of his salary followed by the abrupt, unexplained and inexplicable termination of his employment—precisely on the basis of Defendants (mis)perception that he was somehow subject to ongoing disability following his return from medical leave. Although Defendants disparage these allegations as "conclusory"—the reliance on circumstantial evidence to demonstrate discriminatory intent is a hallmark of employment

discrimination claims and provides no basis for dismissal. Defendants' anticipated motion to dismiss Plaintiff's age discrimination claim under the State HRL should therefore be denied.

### C. Interactive Process as Evidence of Disability Discrimination

The Second Circuit has recognized that "an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination." *Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017) (internal citations and alterations omitted). Here, count three of the Complaint sets forth a theory of disability discrimination that precisely tracks this standard:

> As a result of Defendants' failure to engage in such discussions with Plaintiff, Defendants chose to terminate Plaintiff's employment based, *inter alia*, on an erroneous assumption that Plaintiff suffered from a disability that could not be reasonably accommodated following his return from medical leave, when – in fact – Plaintiff was fully qualified to perform his duties without any further accommodations at all.

Compl. ¶ 50. In other words, Defendants erroneously perceived Plaintiff as suffering from a disqualifying disability and proceeded to terminate his employment on the basis of this misperception—without even attempting to confer with Plaintiff to determine the true state of his health. Had they done so, Defendants would have confirmed that Mr. Benson was fully recovered and able to perform his job. Defendants' declination to engage in that discussion under these circumstances is simply an alternate formulation of his disability discrimination claim (as a complement to his "perceived as disabled" claim) under the State HRL. Defendants' anticipated motion to dismiss this alternate formulation should be denied as well.

### D. Retaliation

As set forth in the Complaint and previously noted above, Defendants discriminated against Plaintiff on the basis of age and/or disability in violation of the State HRL by halving his pay. Mr. Benson thereafter engaged in protected conduct by repeatedly raising his objections to the reduction of his salary with Mr. Ruttura and Defendants' payroll clerk. After refusing to address Mr. Benson's protected complaints, Defendants subjected him to a further adverse employment action by terminating his employment. Defendants' anticipated motion to dismiss Mr. Benson's retaliation claims based on the absence of allegations that he engaged in protected conduct should accordingly be denied.

### E. Aiding and Abetting

The Complaint asserts direct liability against Mr. Ruttura in his capacity as an "employer" of Plaintiff under the State HRL. It likewise pleads an alternate theory of liability against Mr. Ruttura for aiding and abetting his Company's discriminatory and retaliatory conduct because he personally participated in the same. The aider and abettor claim against Mr. Ruttura should thus withstand Defendants' anticipated motion to dismiss for the same reasons as his claims against Ruttura Construction for age and disability discrimination and retaliation under the State HRL.

Thank you for Your Honor's consideration

Respectfully submitted,

*Ariel Graff*

Ariel Y. Graff


cc:     All Counsel of Record