UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

WILLIAM BENSON,                                   Case No.: 2:20-cv-00853 (JS) (ST)

               Plaintiff,

     vs.

RUTTURA & SONS CONSTRUCTION CO., INC.,
OUR RENTAL CORP., and THOMAS RUTTURA,

               Defendants.

------------------------------------------------------------------ X

---

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS
BY DEFENDANTS RUTTURA & SONS CONSTRUCTION CO, INC, OUR RENTAL
CORP. AND THOMAS RUTTURA**

---

**GORDON REES SCULLY MANSUKHANI, LLP**
ATTORNEYS FOR DEFENDANTS
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:    (212) 269-5505

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ALLEGATIONS.................................................................................................2

ARGUMENT ....................................................................................................4

       STANDARD OF REVIEW ..................................................................... 4

       PLAINTIFF FAILS TO STATE A CLAIM FOR DISCRIMINATION
       UNDER THE NYSHRL ........................................................................ 5
I.

II.      A.     Applicable Legal Standard........................................................ 5

     B.     Plaintiff Fails to Provide Adequate Factual Support for a Claim of
             Age Discrimination ..................................................................... 7

     C.     Plaintiff Fails to Provide Adequate Factual Support for a Claim of
             Disability Discrimination............................................................ 9

     D.     Plaintiff's "Interactive Process" Claim Must Fail ................... 11

III.    PLAINTIFF'S NYSHRL RETALIATON CLAIM FAILS AS
       PLAINTIFF DID NOT ENGAGE IN PROTEcTED ACTIVITY ...................... 12

IV.    PLAINTIFF'S NYSHRL "AIDING AND ABETTING" CLAIM
       AGAINST MR. RUTTURA FAILS................................................... 13

CONCLUSION.................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anyachebelu v. Brooklyn Hosp. Ctr.*,
No. 16 Civ. 3159 (DLI) (VMS), 2017 U.S. Dist. LEXIS 114290 (E.D.N.Y. July 20, 2017) ........................................................................................................................ 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................ 4, 5

*Ashker v. Int'l Bus. Mach. Corp.*,
168 A.D.2d 724 (3d Dep't 1990) ................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................... 4

*Boonmaler v. City of N.Y.*,
721 Fed. Appx. 29 (2d Cir. 2018) ............................................................................... 4

*Braun v. Adm'rs for the Professions, Inc.*,
No. 2:17-cv-4055 (DRH)(AKT), 2018 U.S. Dist. LEXIS 125401 (E.D.N.Y. July 26, 2018) ...................................................................................................................... 7, 8

*Castagnozzi v. Phoenix Beverages, Inc.*,
208 F. Supp. 3d 461 (E.D.N.Y. 2016) ...................................................................... 10

*Corrado v. N.Y. Unified Court Sys.*,
163 F. Supp. 3d 1 (E.D.N.Y. 2016) .......................................................................... 13

*Corragio v. Time Inc. Magazine Co.*,
No. 94-cv-5429 (MBM), 1996 U.S. Dist. LEXIS 3770 (S.D.N.Y. Mar. 28, 1996),
*aff'd table opinion*, 108 F.3d 329 (2d Cir. 1997) ....................................................... 6

*Devore v. Neighborhood Hous. Servs. of Jamaica Inc.*,
No. 15-CV-6218 (PKC), 2017 U.S. Dist. LEXIS 38108 (E.D.N.Y. Mar. 16, 2017) ................ 6

*Downey v. Adloox Inc.*,
238 F. Supp. 3d 514 (E.D.N.Y. 2017) ........................................................................ 7

*Feingold v. New York*,
366 F.3d 138 (2d Cir. 2004) ..................................................................................... 12

*Fernandez v. Windmill Distrib. Co.*,
159 F. Supp. 3d 351 (S.D.N.Y. 2016) ...................................................................... 13

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d 312 (2004),
   *rev'd on other grounds by Williams v. N.Y Hous. Auth.*,
   61 A.D.3d 62 (1st Dep't 2009) ............................................................ 12

*Garnett-Bishop v. N.Y. Cmty. Bancorp., Inc.*,
   No 12-CV-2285 (ADS) (ARL), 2014 U.S. Dist. LEXIS 157806 (E.D.N.Y. Nov. 6,
   2014) ............................................................................................ 5

*Giambattista v. Am. Airlines*,
   584 Fed. Appx. 23 (2d Cir. 2014) ................................................... 5, 6

*Gorzyski v. JetBlue Airways Corp.*,
   596 F.3d 93 (2d Cir. 2010) ............................................................... 5

*Horsham v. Fresh Direct*,
   136 F. Supp. 3d 253 (E.D.N.Y. 2015) ............................................. 10

*Hui-Wen Chang v. N.Y. City Dep't of Educ.*,
   412 F. Supp. 3d 229 (E.D.N.Y. 2019) ............................................. 11

Jacobsen v. New York City Health & Hospitals Corp.,
   22 N.Y.3d 824 (N.Y. 2014) ............................................................ 11

*Jain v. McGraw-Hill Cos.*,
   827 F. Supp. 2d 272 (S.D.N.Y. 2011) ............................................. 13

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) ............................................................. 5

*Laface v. Eastern Suffolk BOCES*,
   349 F. Supp. 3d 126 (E.D.N.Y. 2018) .............................................. 4

*Lebowitz v. N.Y. City. Dep't of Educ.*,
   407 F. Supp. 3d 158 (E.D.N.Y. 2017) .............................................. 6

*Magnotti v. Crosswords Healthcare Mgmt., LLC*,
   126 F. Supp. 3d 301 (E.D.N.Y. 2015) ......................................... 10, 12

*Marcus v. Leviton Mfg. Co.*,
   661 Fed. Appx. 29 (2d Cir. 2016) ................................................... 5, 9

*Marquez v. Starrett City Assocs.*,
   406 F. Supp. 3d 197 (E.D.N.Y. 2017) ........................................... 9, 10

*Mayers v. Emigrant Bancorp, Inc.*,
    796 F. Supp. 2d 434 (S.D.N.Y. 2011) ................................................................. 12

*McCarrick v. Corning, Inc.*,
    No. 18-CV-6435-FPG, 2019 U.S. Dist. LEXIS 189125 (W.D.N.Y Oct. 30, 2019)................ 13

*McKenzie v. Meridian Capital Grp. LLC*,
    35 A.D.3d 676 (2d Dep't 2006) ........................................................................ 6, 9

*Mi-Kyung Cho v. Young Bin Café*,
    42 F. Supp. 3d 495 (S.D.N.Y. 2013) ................................................................. 12

*Morey v. Windsong Radiology Group, P.C.*,
    794 Fed. Appx. 30 (2d Cir. 2019) ....................................................................... 4

*Ochei v. Mary Manning Walsh Nursing Home Co.*,
    No. 10-cv-2548 (CM)(RLE), 2011 U.S. Dist. LEXIS 20542 (S.D.N.Y. Mar. 1, 2011)............ 7

*Powell v. Delta Airlines*,
    145 F. Supp. 3d 189 (E.D.N.Y. 2015) ................................................................... 8

*Powell v. Metro One Loss Prevention Servs. Grp, Inc.*,
    No. 12 Civ. 4221 (LAP) (DF), 2013 U.S. Dist. LEXIS 111601 (S.D.N.Y July 26,
    2013) ............................................................................................................ 10

*Prisco v. Air Indus. Grp.*,
    No. 2:15-CV-07340, 2017 U.S. Dist. LEXIS 143348 (E.D.N.Y. Sept. 1, 2017) ...................... 8

*Satterfield v. United States Parcel Service,
    Inc.*, No. 00-cv-7190 (MHD), 2003 U.S. Dist. LEXIS 17229 (S.D.N.Y. Sept. 30, 2003) ......... 6

*Schlossberg v. Schwartz*,
    No. 014491-11, 2013 N.Y. Slip Op. 33861(U), 2016 N.Y. Misc. LEXIS 6815 (Nassau
    Cnty. Sup. Ct. Apr. 9, 2013) ............................................................................... 8

*Seitz v. New York*,
    No. 2:18-CV-4149 (PKC) (LB), 2019 U.S. Dist. LEXIS 169680 (E.D.N.Y. Sept. 30,
    2019) ............................................................................................................ 13

*Sotomayor v. City of N.Y.*,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012) ............................................................... 12, 13

*Thomson v. Odyssey House*,
    No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887 (E.D.N.Y. Sept. 21, 2015)........ 6, 11

*Torres v. United Serv. Workers Union Local 74*,
    No. 13-CV-6864(JS)(SIL), 2014 U.S. Dist. LEXIS 136377 (E.D.N.Y. Sept. 26, 2014) ......... 10

Wellner v. Monteifiore Med. Ctr.,
    No. 17 Civ. 3479 (KPF), 2019 U.S. Dist. LEXIS 147844 (S.D.N.Y. Aug. 29, 2019) ............ 11

*Yin v. N. Shore LIJ Health Sys.*,
    20 F. Supp. 3d 359 (E.D.N.Y. 2014) ........................................................................................ 9

**Statutes**

New York Executive Law
    Section 292(21) ........................................................................................................................ 6

New York Executive Law
    Section 296(1)(a) ..................................................................................................................... 5

New York Executive Law
    Section 296(7) ........................................................................................................................ 12

**Rules**

Federal Rules of Civil Procedure
    Section 12 ............................................................................................................................... 4

Federal Rules of Civil Procedure
    Section 12(b)(6) ...................................................................................................................... 1

# PRELIMINARY STATEMENT

In order to state a claim under the law, including a claim for discrimination under the New York State Human Rights Law ("NYSHRL"), Plaintiff is required to plead sufficient factual allegations, which, if true, state a claim to relief that is plausible on its face. This basic pleading standard, however, has proved too rigorous for Plaintiff, who presents wholly conclusory claims of discrimination under the NYSHRL, without any, let alone sufficient, factual support. As Plaintiff's conclusory allegations of discrimination under the NYSHRL categorically fail to meet basic pleading requirements, Plaintiff's discrimination claims under the NYSHRL must be dismissed for failure to state a claim pursuant to FRCP 12(b)(6).

Specifically, Plaintiff alleges that, following his return from medical leave in August 2019, Ruttura & Sons Construction Co., Inc. ("Ruttura") reduced his rate of pay and, shortly thereafter, terminated his employment. Although Plaintiff concludes that Ruttura's alleged actions were motivated by Plaintiff's age or by Ruttura's perception of Plaintiff as disabled, Plaintiff's Complaint is wholly bereft of any factual allegations that would support these conclusions. As Plaintiff's Complaint lacks the fundamental factual support necessary to state a claim for discrimination under the NYSHRL, Plaintiff's discrimination claims under the NYSHRL fail and they must be dismissed.

Plaintiff's other claims under the NYSHRL also suffer from fatal flaws requiring their dismissal. Specifically, Plaintiff claims that Defendants retaliated against him for exercising his protected right to take medical leave. Plaintiff's decision to take leave, however, does not constitute protected activity under the NYSHRL and, therefore, cannot serve as the basis for a NYSHRL retaliation claim. As such, Plaintiff fails to state a claim for retaliation under the NYSHRL.

Additionally, Plaintiff's claim for "failure to engage in the interactive accommodation

process" fails for multiple reasons. First, New York does not recognize a separate cause of action for a failure to engage in the interactive process. Second, Plaintiff does not sufficiently allege that Defendants had an obligation to engage in the interactive process. Plaintiff does not allege that he sought an accommodation, and admits that he did not suffer from a disability at the time he returned from medical leave. There can be, therefore, no claim that Plaintiff had a disability that was obvious to Defendants such that it would require Defendants to have engaged in the interactive process.

Finally, as all of Plaintiff's NYSHRL claims fail, his aiding and abetting claim against Ruttura's Chief Executive Officer ("CEO"), Thomas Ruttura ("Mr. Ruttura") cannot survive.

Put simply, Plaintiff has not and cannot plead facts supporting claims under the NYSHRL. Accordingly, Plaintiff's NYSRL claims should be dismissed in their entirety.

## **ALLEGATIONS**[1]

Ruttura, a Suffolk County-based commercial concrete excavation company, performs construction projects throughout Long Island and the greater New York City area. Plaintiff's Complaint ("Dkt. No. 1") ¶ 16. In 1991, Plaintiff started working as a driver for Ruttura. *Id.* ¶ 17. In 1995, he became a construction foreman. *Id.* at ¶ 18. Plaintiff alleges that after he became a construction foreman, his compensation was split between Ruttura and the affiliated Our Rental Corp. ("Our Rental")[2], and that he received W-2's and paychecks from both companies. *Id.* at ¶ 19. Plaintiff contends that during his tenure, his performance "met or exceeded expectations," and that Defendants never expressed concerns about his performance. *Id.* ¶¶ 20-21.

---

[1] On a motion to dismiss, all facts listed in Plaintiff's Complaint are presumed true for purposes of the motion. Defendants reserve the right to contest the facts set forth in Plaintiff's Complaint.

[2] Ruttura, Mr. Ruttura, and Our Rental are collectively referred to as "Defendants"

Plaintiff alleges that in spring 2019, he required a laminectomy. *Id.* at ¶ 22. Following this procedure, Plaintiff took medical leave from March 26, 2019 through July 26, 2019. *Id*. By the conclusion of this leave period, Plaintiff "fully recovered" and was able to "resume his duties…without any restrictions or impairment." *Id.* ¶ 23. Plaintiff returned to work after his leave period concluded. *Id.* ¶ 24. Plaintiff does not allege that Ruttura refused to return him to his regular duties or that Defendants required him to undergo any fitness-for-duty or other tests in order to prove his ability to handle his normal job responsibilities. Plaintiff does not allege that Ruttura made any comments regarding Plaintiff's ability to perform his job duties or made any statements even remotely relating to his age. Rather, Plaintiff admits that he "continued performing his duties." *Id.* ¶ 27.

Plaintiff alleges that approximately one week after he returned to work, Ruttura cut his hourly rate by nearly fifty percent, retroactive to the date of his return from leave. *Id*. ¶ 24. Plaintiff alleges that no other employee received a similar pay cut. *Id*. ¶ 25. According to Plaintiff, he sought to speak with Mr. Ruttura about this pay cut, but Plaintiff was unable to arrange for a meeting with Mr. Ruttura. *Id*. ¶ 26.

Plaintiff alleges that he attended certain on-site training sessions, but that Ruttura did not compensate him for these hours. *Id*. ¶ 28. On September 25, 2019, Plaintiff approached Ruttura's payroll clerk to inquire as to why he had not received compensation for the hours he had spent in training. *Id*. According to Plaintiff, the payroll clerk did not engage with him or provide him with an explanation as to why Defendants had not paid him for these training sessions. *Id*. ¶ 29.[3]

Two days later, on September 27, 2019, Plaintiff's employment was terminated. *Id.* ¶ 30. Plaintiff alleges, in conclusory fashion, that because Mr. Ruttura was looking to hire more

---

[3] It is not clear from the Complaint whether Plaintiff is alleging that he also asked Ruttura's payroll clerk for an explanation regarding the alleged reduction in his hourly rate.

construction supervisors at the time of Plaintiff's termination, and because of Plaintiff's "successful" performance history, Plaintiff's termination "must have" occurred because Plaintiff was either "too old" or "was or would become too disabled" to continue his employment or because Plaintiff had "exercised his protected right to medical leave." *Id.* ¶¶ 31-33.

## ARGUMENT

### STANDARD OF REVIEW

**I.**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The plausibility standard does not ask whether there is a probability that the claim has merit, but "asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.

After a complaint has been stripped of its conclusory pleadings, the court must determine if the remaining allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. A claim only has facial plausibility if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Morey v. Windsong Radiology Group, P.C.*, 794 Fed. Appx. 30, 32 (2d Cir. 2019) (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Boonmalert v. City of N.Y.*, 721 Fed. Appx. 29, 32 (2d Cir. 2018) (quoting *Iqbal*, 129 S. Ct. at 1950). Pleadings containing "no more than naked assertions devoid of further factual enhancement" will also not suffice. *Laface v. Eastern Suffolk BOCES*, 349 F. Supp. 3d 126, 148 (E.D.N.Y. 2018) (quoting *Iqbal*, 129 S. Ct. at 1949). In other words, "conclusory allegations or legal conclusions masquerading as factual contentions will not suffice to prevent a motion to dismiss." *Garnett-Bishop v. N.Y. Cmty. Bancorp., Inc.*, No 12-CV-2285 (ADS) (ARL), 2014 U.S.

Dist. LEXIS 157806, at *29-30 (E.D.N.Y. Nov. 6, 2014) (internal quotation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Giambattista v. Am. Airlines*, 584 Fed. Appx. 23, 24 (2d Cir. 2014) (quoting *Iqbal*, 129 S Ct. at 1950). In that regard, plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *Id.* (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).

Based on the above standard, and as demonstrated more fully below, Plaintiff fails to state plausible claims under the NYSHRL. Accordingly, Plaintiff's NYSHRL claims must be dismissed.

## II.    PLAINTIFF FAILS TO STATE A CLAIM FOR DISCRIMINATION UNDER THE NYSHRL

### A.    Applicable Legal Standard

The NYSHRL prohibits unlawful discrimination on the basis of both age and disability. N.Y. Exec. L. § 296(1)(a).

To state a claim for age discrimination under the NYSHRL, a plaintiff must plausibly allege: (1) he was "within the protected age group"; (2) he "was qualified for the position"; (3) he "experienced an adverse employment action;" and (4) such adverse employment action "occurred under circumstances giving rise to an inference of age discrimination." *Gorzyski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010).[4]

To state a claim for disability discrimination under the NYSHRL, plaintiff must "allege facts to show that [his] employer took adverse action against [him], and that action was taken

---

[4] Age discrimination under the NYSHRL not based on a harassment or hostile work environment theory is analyzed identically to ADEA. *See Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016).

because of [his] disability or perceived disability." *Lebowitz v. N.Y. City. Dep't of Educ.*, 407 F. Supp. 3d 158, 175 (E.D.N.Y. 2017) (internal citation omitted). To succeed on a disability discrimination claim under a "perceived disability" theory, plaintiff must allege facts to support a "reasonable inference that [his] employer discriminated against [him] because he was perceived to have a disability." *Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *51 (E.D.N.Y. Sept. 21, 2015) (citing *Giambattista*, 584 Fed. Appx. at 25).[5] In other words, plaintiff must allege, "that the [perceived] disability caused the behavior for which the individual was terminated" or suffered another adverse employment action. *McKenzie v. Meridian Capital Grp. LLC*, 35 A.D.3d 676, 677 (2d Dep't 2006).

In discrimination cases, a plaintiff must "allege facts sufficient to connect the dots between the alleged adverse action and [plaintiff's] membership in a protected class." *Devore v. Neighborhood Hous. Servs. of Jamaica Inc.*, No. 15-CV-6218 (PKC), 2017 U.S. Dist. LEXIS 38108, at *15 (E.D.N.Y. Mar. 16, 2017) (internal citation and quotation admitted); *see also Corragio v. Time Inc. Magazine Co.*, No. 94-cv-5429 (MBM), 1996 U.S. Dist. LEXIS 3770, at *15 (S.D.N.Y. Mar. 28, 1996) (emphasis in original), *aff'd table opinion*, 108 F.3d 329 (2d Cir. 1997) ("a plaintiff must  provide facts that would allow a reasonable factfinder to conclude that [plaintiff's] misfortunes occurred because of her membership in a protected class."); *Satterfield v. UPS*, No. 00-cv-7190 (MHD), 2003 U.S. Dist. LEXIS 17229, at *44-45 (S.D.N.Y. Sept. 30, 2003) ("adversity in the workplace coupled with membership in a protected class does not, standing alone, give rise to an inference of discrimination") (internal citation omitted).

Chief Judge Colleen McMahon discussed the rationale for this sound principle in *Ochei v.*

---

[5] The NYSHRL defines disability as "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment…."  N.Y. Exec. L. § 292(21).

*Mary Manning Walsh Nursing Home Co.*, No. 10-cv-2548 (CM)(RLE), 2011 U.S. Dist. LEXIS 20542, at *8-9 (S.D.N.Y. Mar. 1, 2011). In granting the defendant's motion to dismiss claims of discrimination, the court explained as follows:

> … [A] common (and patently defective) pleading technique in cases brought under federal and local antidiscrimination statutes [is]: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." As the Second Circuit and other courts of appeal have repeatedly stated, this is a false syllogism, one that does not support any inference of discrimination. *Grillo v. N.Y. City Transit Auth.*, 291 F. 3d 231 (2d Cir. 2002). … Where there is no reason to suspect that an employer's actions had anything to do with membership in a protected class, other than plaintiff's bald assertion that she was a member of such a class, and the people who made decisions about her employment were not, no claim is stated. *Yusuf v. Vassar Coll.*, 35 F. 3d 709, 714 (2d Cir. 1994).

*Id.* at *6-8.

**B.** **Plaintiff Fails to Provide Adequate Factual Support for a Claim of Age Discrimination**

Here, Plaintiff's claim for age discrimination under the NYSHRL relies upon the exact same false syllogism addressed in *Ochei*, *supra*. Plaintiff alleges that: (a) he is sixty years old and that (b) Ruttura subjected him to adverse actions when it reduced his compensation and terminated his employment. Based on this, Plaintiff concludes that Ruttura subjected him to adverse actions *because* he is sixty years old. Plaintiff's assertions are neither logically sound nor legally sufficient to state a claim, as they lack any evidence of causation.

In other words, Plaintiff fails to meet the minimal burden of alleging "facts that give plausible support to a minimal inference of the discriminatory causality" necessary to survive a motion to dismiss. *Braun v. Adm'rs for the Professions, Inc.*, No. 2:17-cv-4055 (DRH)(AKT), 2018 U.S. Dist. LEXIS 125401, at *15-16 (E.D.N.Y. July 26, 2018) (quoting *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (E.D.N.Y. 2017)).

To plead causality, for example, Plaintiff would have to allege either direct evidence of

discriminatory intent – such as derogatory comments about Plaintiff's age or the age of other employees – or circumstantial evidence of discrimination – such as evidence that Ruttura replaced him with a younger employee or statistical evidence suggesting discriminatory conduct. *See Schlossberg v. Schwartz*, No. 014491-11, 2013 N.Y. Slip Op. 33861(U), 2016 N.Y. Misc. LEXIS 6815, at *23 (Nassau Cnty. Sup. Ct. Apr. 9, 2013) (citing *Ashker v. Int'l Bus. Mach. Corp.*, 168 A.D.2d 724, 725-726 (3d Dep't 1990)); *see also Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 200-201 (E.D.N.Y. 2015) (allegations of disparate treatment between plaintiff and younger workers); *Prisco v. Air Indus. Grp.*, No. 2:15-CV-07340, 2017 U.S. Dist. LEXIS 143348, at *20-21 (E.D.N.Y. Sept. 1, 2017)) (plaintiff replaced with younger worker); *Anyachebelu v. Brooklyn Hosp. Ctr.*, No. 16 Civ. 3159 (DLI) (VMS), 2017 U.S. Dist. LEXIS 114290, at *34-37 (E.D.N.Y. July 20, 2017) (derogatory statements by defendant about plaintiff's age).

Plaintiff pleads no such facts.[6] Rather, Plaintiff's Complaint contains only conclusory allegations that because Plaintiff allegedly had a history of "successful performance" and Defendants "had been looking to hire more construction foreman at the time of [Plaintiff's] termination," Plaintiff's termination "must" have occurred because of Defendants' allegedly incorrect "assumption that [Plaintiff] had…grown too old…to continue his employment." Dkt. No.1 ¶¶ 31-33. As detailed at length above, such conclusory allegations, without factual support, cannot survive a motion to dismiss. *Braun*, 2018 U.S. Dist. LEXIS 125401, at *16-18, 19-20 (dismissing age discrimination claims because plaintiff's allegations were conclusory and not supported by facts).

As Plaintiff fails to allege any facts, let alone sufficient facts, suggesting causation between

---

[6] While Plaintiff alleges that no other Ruttura employees received pay cuts, he does not allege that all other employees are under forty years of age or even that they are younger than he is.

his age and Ruttura's alleged adverse employment actions, his claim for age discrimination under the NYSHRL must be dismissed.[7]

C.    <u>Plaintiff Fails to Provide Adequate Factual Support for a Claim of Disability Discrimination</u>

Plaintiff does not allege that he is disabled or that he had a disability at the time he returned to work following his laminectomy. In fact, Plaintiff claims that upon his return from medical leave "he was able to resume his duties as a Construction Foreman without any restrictions or impairment." Dkt. No. 1 ¶ 23.

Instead, Plaintiff proceeds under the theory that Defendants perceived him to be disabled. *Id*. ¶ 33. As set forth above, in order to advance such a claim, Plaintiff must allege that his perceived disability caused Defendant's adverse employment actions. *McKenzie,* 35 A.D.3d at 677. A complaint that does not include factual allegations linking the perceived disability to an employer's adverse actions cannot survive a motion to dismiss. *Marquez v. Starrett City Assocs.*, 406 F. Supp. 3d 197, 208 (E.D.N.Y. 2017).

Claims alleging discrimination based on a "perceived disability" theory "turn on the employer's perception of the employee, not whether the employee actually had a disability." *Yin v. N. Shore LIJ Health Sys.*, 20 F. Supp. 3d 359, 368 (E.D.N.Y. 2014). Sufficient facts supporting a reasonable inference of "perceived disability" may include the employer's failure to reinstate plaintiff after medical leave, inquiring about plaintiff's ability to perform his job, or making plaintiff demonstrate his fitness for duty. *See Powell v. Metro One Loss Prevention Servs. Grp, Inc.*, No. 12 Civ. 4221 (LAP) (DF), 2013 U.S. Dist. LEXIS 111601, at *32-36 (S.D.N.Y July 26,

---

[7] Plaintiff has not yet been issued a "right to sue" letter by the EEOC permitting him to file a claim under the Age Discrimination in Employment Act ("ADEA"). However, such claims should also be dismissed as ADEA claims are analyzed in the same manner as claims under the NYSHRL. *See Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. at 33.

2013). Changes to plaintiff's duties upon his return to work or comments made by supervisors regarding plaintiff's abilities, or lack thereof, may also support an inference of discrimination based on perceived disability. *See Marquez*, 406 F. Supp. 2d at 207-208; *Magnotti v. Crosswords Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 308, 312 (E.D.N.Y. 2015) (employer required plaintiff to work a reduced schedule after his return from surgery); *Torres v. United Serv. Workers Union Local 74*, No. 13-CV-6864(JS)(SIL), 2014 U.S. Dist. LEXIS 136377, at *11 (E.D.N.Y. Sept. 26, 2014) ("Plaintiff alleges that on his first day back from leave, he was assigned to a task 'typically reserved for only probationary employees'; six days later there was a meeting to 'discuss his injury'; and the next day Plaintiff was terminated"). Factual allegations of disparate treatment may also support a disability discrimination claim. *Horsham v. Fresh Direct*, 136 F. Supp. 3d 253, 266-267 (E.D.N.Y. 2015).

Plaintiff's Complaint, however, is devoid of any such factual allegations. Although Plaintiff alleges that Defendants "regarded him" as "too disabled to continue in his employment," Plaintiff alleges no facts that would lead him to that conclusion. Dkt. No. 1 ¶¶ 27, 33. Instead, he admits that upon his return to work he "continued performing his duties with his accustomed skill and diligence," clearly establishing that Defendants returned him to the same position in which he served prior to his leave period. *Id.* ¶ 27.[8]

There is no basis for Plaintiff's conclusion that Defendants regarded him as disabled, let alone that Defendants took adverse action against him because of such a perception. Without such support, Plaintiff's claim for disability discrimination fails. *See Marquez*, 406 F. Supp. 3d at 207 (dismissing action where there was nothing in the complaint to support an inference that

---

[8] To the extent Plaintiff claims that Defendants' knowledge of his laminectomy is sufficient to support a claim of disability discrimination based on a perceived disability, the courts have held that simple knowledge of an injury is not sufficient to establish that Defendants perceived Plaintiff as disabled following his recovery. *See Castagnozzi v. Phoenix Beverages, Inc.*, 208 F. Supp. 3d 461, 475 (E.D.N.Y. 2016).

supervisors made comments regarding plaintiff's disability, changed plaintiff's responsibilities based on his disability, or took any other action based on plaintiff's disability.).

Plaintiff's assumption that Defendants actions were motivated by their perception of him as disabled, without more, is not sufficient to survive a motion to dismiss. Accordingly, this Court should dismiss Plaintiff's disability discrimination claim.

### D. Plaintiff's "Interactive Process" Claim Must Fail

Plaintiff alleges that Defendants violated the NYSHRL by "failing and refusing to engage in discussions with Plaintiff regarding his potential need for a reasonable accommodation that would enable him to continue his employment, notwithstanding Defendants' perception that he is disabled." Dkt. No. 1 ¶ 49. As a matter of law, this claim must be dismissed because New York does not recognize "[f]ailure to engage in the interactive process" as an independent cause of action under the NYSHRL. *Wellner v. Monteifiore Med. Ctr.*, No. 17 Civ. 3479 (KPF), 2019 U.S. Dist. LEXIS 147844, at *33-34 (S.D.N.Y. Aug. 29, 2019) (quoting *Jacobsen v. New York City Health & Hospitals Corp.*, 22 N.Y.3d 824 (N.Y. 2014)) ("To the extent [prior lower court decisions] can be interpreted as implying that a good faith interactive process is an independent element of the disability discrimination analysis under…the State…HRL which, if lacking, automatically compels…a verdict in the employee's favor, we reject that notion."); *see also Hui-Wen Chang v. N.Y. City Dep't of Educ.*, 412 F. Supp. 3d 229, 253-254 (E.D.N.Y. 2019).

Even if Plaintiff's allegations could be read to allege a recognized claim under the NYSHRL, Plaintiff does not adequately allege that Defendants had an obligation to engage in the interactive process. To succeed, Plaintiff would have to allege that he either requested an accommodation or that his disability was "obvious or otherwise known to the employer without notice from the employee." *Thomson*, 2015 U.S. Dist. LEXIS 125887, at *57. Here, Plaintiff does not allege that he requested an accommodation. Plaintiff also admits that when he returned to work

following his leave period, he was able to do so "without any restrictions or impairment." Dkt. No. 1 ¶ 23. Plaintiff, therefore, does not allege that he suffered from a disability, let alone a disability that was obvious or otherwise known to Defendants such that it would trigger a duty to engage in the interactive process. As such, any claim premised upon Defendants' alleged failure to engage in the interactive process must fail. *See Magnotti*, 126 F. Supp. 3d at 313 (dismissing "reasonable accommodation" claim because plaintiff did not allege that he needed or requested a reasonable accommodation and further alleged that he "presented [defendants] with a doctor's note indicating he could return to work without limitation.").

Accordingly, the Court should dismiss Plaintiff's "interactive process" claim.

**III.** **PLAINTIFF'S NYSHRL RETALIATON CLAIM FAILS AS PLAINTIFF DID NOT ENGAGE IN PROTECTED ACTIVITY**

To state a claim for retaliation under the NYSHRL, a plaintiff must plead that: (1) he participated "in a protected activity known to the defendant;" (2) he suffered an adverse employment action; and (3) there was "a causal connection between the protected activity and adverse employment action." *Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) (quoting *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)). The NYSHRL defines "protected activity" as opposing any practice forbidden by the NYSHRL. *Id.* at 262 (citing N.Y. Exec. L. § 296(7)). Therefore, Plaintiff must allege that he "complain[ed] of an employment practice that [he] reasonably believe[d] violate[d] the" NYSHRL. *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 448 (S.D.N.Y. 2011). *Sotomayor*, 862 F. Supp. 2d at 262; *see also Mi-Kyung Cho v. Young Bin Café*, 42 F. Supp. 3d 495, 507 (S.D.N.Y. 2013) (quoting *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 312-313 (2004), *rev'd on other grounds by Williams v. N.Y Hous. Auth.*, 61 A.D.3d 62 (1st Dep't 2009)).

Here, Plaintiff does not allege that he raised any complaints of conduct that he reasonably believed violated the NYSHRL. Instead, Plaintiff alleges that Defendants reduced his rate of pay because he "exercise[ed] his protected right to take a reasonable, authorized and medically necessary leave of absence from work…." Dkt. No. 1 ¶ 33.

New York courts hold that taking FMLA leave does not constitute a "protected activity" for the purposes of stating a retaliation claim under the NYSHRL. *Sotomayor*, 862 F. Supp. 2d at 262; *see also McCarrick v. Corning, Inc.*, No. 18-CV-6435-FPG, 2019 U.S. Dist. LEXIS 189125, at *9 (W.D.N.Y Oct. 30, 2019); *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 26 (E.D.N.Y. 2016); *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 367 (S.D.N.Y. 2016).[9]

As Plaintiff does not allege that he engaged in activity protected under the NYSHRL, he cannot state a claim for retaliation under that statute. Plaintiff's claim for retaliation under the NYSHRL, therefore, must be dismissed. Accordingly, the Court should dismiss Plaintiff's retaliation claim under the NYSHRL.

**IV.** **PLAINTIFF'S NYSHRL "AIDING AND ABETTING" CLAIM AGAINST MR. RUTTURA FAILS**

In order to state an "aiding and abetting" claim under the NYSHRL, plaintiff must first establish the employer's liability under the NYSHRL. *See Seitz v. New York*, No. 2:18-CV-4149 (PKC) (LB), 2019 U.S. Dist. LEXIS 169680, at *56-57 (E.D.N.Y. Sept. 30, 2019) (citing *Jain v. McGraw-Hill Cos.*, 827 F. Supp. 2d 272, 277 (S.D.N.Y. 2011)). As stated *supra*, all of Plaintiff's NYSHRL claims fail. Therefore, Plaintiff's "aiding and abetting" claim against Mr. Ruttura cannot survive and must be dismissed

---

[9] Plaintiff does not explicitly attribute his termination to his complaints regarding the reduction in his rate of pay or Defendants' alleged refusal to compensate him for certain hours he spent in training. Defendants note, however, that such actions, like his decision to take medical leave, do not constitute protected activity under the NYSHRL and cannot serve as the basis for a retaliation claim under the NYSHRL.

Accordingly, the Court should dismiss the NYSHRL aiding and abetting claim as against Mr. Ruttura.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's NYSHRL claims in their entirety with prejudice, and for other such relief to which they have showed themselves justly entitled.

Dated: June 8, 2020
      New York, New York

                                    Respectfully Submitted,

                                    GORDON REES SCULLY
                                    MANSUKHANI, LLP


                                    By: <u>/s/ Jeffrey Camhi</u>
                                    Mercedes Colwin
                                    Jeffrey Camhi
                                    One Battery Park Plaza, 28th Floor
                                    New York, NY  10004
                                    Tel: (212) 269-5500
                                    Fax: (212) 269-5505
                                    mcolwin@grsm.com
                                    jcamhi@grsm.com
                                    Attorneys for Defendants