UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
WILLIAM BENSON,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     20-CV-0853(JS)(ST)

RUTTURA & SONS CONSTRUCTION CO. INC.,
OUR RENTAL CORP., and THOMAS RUTTURA,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Ariel Yigal Graff, Esq.
                    Filosa Graff LLP
                    111 John Street, Suite 2510
                    New York, New York 10038

For Defendants:     Jeffrey Camhi, Esq.
                    Mercedes Colwin, Esq.
                    Christopher John Yee Coyne, Esq.
                    Gordon Rees Scully Mansukhani, LLP
                    1 Battery Park Plaza, 28th Floor
                    New York, New York 10004

SEYBERT, District Judge:

          Plaintiff William Benson ("Plaintiff") commenced this

action against Defendants Ruttura & Sons Construction Co., Inc.

("Ruttura Construction"), Our Rental Corp., and Thomas Ruttura

("Defendant Ruttura") (collectively, "Defendants"), asserting

claims for unlawful interference with Plaintiff's rights under the

Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.;

employment discrimination in violation of the New York State Human

Rights Law ("NYSHRL"), New York Executive Law §§ 290 et seq.; and

to recover damages and penalties under New York Labor Law ("NYLL").

1

Before the Court is Defendants' partial motion to dismiss Plaintiff's claims for age and disability discrimination and retaliation under the NYSHRL. (Mot., ECF No. 13; Defs. Br., ECF No. 13-1; Reply, ECF No. 18.) Plaintiff opposes the motion. (Pl. Opp., ECF No. 16.) For the reasons set forth below, Defendants' Motion is GRANTED.

BACKGROUND[1]

I.  Factual History

Plaintiff William Benson, who was sixty years old at the time he initiated this action, is a former construction foreman at Defendant Ruttura Construction, a commercial concrete excavation company based in Suffolk County, New York. (Compl., ECF No. 1, ¶¶ 9-10, 16-18.) Plaintiff worked at Ruttura Construction as a foreman for approximately twenty-five years. (Id. ¶ 18.) Defendant Our Rental Corp. is a construction equipment leasing company that issued Plaintiff a portion of his pay, although he was not involved in the leasing business. (Id. ¶¶ 11, 19.) Both Ruttura Construction and Our Rental Corp. are commonly owned and operated as a single, integrated enterprise by Defendant Ruttura and members of his family. (Id. ¶¶ 12, 14-15.)

Sometime in the spring of 2019, Plaintiff underwent a Laminectomy, a spine operation, which required him to take approved

---

[1] The following facts are drawn from the Complaint.

medical leave from approximately March 26 through July 26, 2019. (Id. ¶ 22.)  Plaintiff states that the period of leave enabled him "to fully recover" and resume his former duties as foreman "without restrictions or impairment." (Id. ¶ 23.)  However, approximately one week after Plaintiff returned, he alleges that Defendants cut his hourly rate of pay by approximately fifty percent. (Id. ¶ 24.) According to Plaintiff, "no other construction foremen or employees of Defendants were subject to a comparable pay cut at or around that time." (Id. ¶ 25.)

Plaintiff alleges he "repeatedly sought to speak with Mr. Ruttura" about his pay cut, but that each time he was rebuffed. (Id. ¶ 26.)  So, Plaintiff "continued performing his duties with his accustomed skill and diligence" until September 25, 2019, when he approached Defendant Ruttura's payroll clerk to ask why he had not received compensation for certain training sessions he was required to attend. (Id. ¶¶ 27-28.)  He was provided no "clear answer or explanation," and two days later Defendants terminated Plaintiff without explanation. (Id. ¶¶ 29-30.)  Plaintiff alleges that Defendants' "business was strong and expanding," and that Defendant Ruttura had plans to hire more construction foremen. (Id. ¶ 31.)  Plaintiff further alleges that he "excelled" at his position and never received any complaints about his performance, conduct, or suitability for his position. (Id. ¶¶ 18, 21.)

## II.   Procedural History

Plaintiff initiated this action on February 17, 2020 alleging eight causes of action: (1) interference with Plaintiff's rights in violation of the FMLA; (2) age and/or disability discrimination under the NYSHRL; (3) failure to engage in an interactive accommodation process in violation of the NYSHRL; (4) retaliation in violation of the NYSHRL; (5) aiding and abetting violations of the NYSHRL as against Defendant Ruttura; (6) unpaid minimum and overtime wages in violation of the NYLL; (7) failure to furnish wage statements in violation of the NYLL § 195(3); and (8) retaliation in violation of the NYLL § 215. Contemporaneous with the filing of this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq.  To date, the EEOC has not issued Plaintiff a notice of right to sue.

DISCUSSION

## I.   12(b)(6) Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); accord

4

<u>Harris v. Mills</u>, 572 F.3d 66, 71–72 (2d Cir. 2009).   First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678; <u>accord</u> <u>Harris</u>, 572 F.3d at 72.   Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss.   <u>Iqbal</u>, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>; <u>accord</u> <u>Harris</u>, 572 F.3d at 72.

II.   <u>Analysis of Plaintiff's NYSHRL Claims</u>

    A.   <u>Age Discrimination</u>

       The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice [f]or an employer" to discharge an individual or "discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of age.   N.Y. Exec. Law § 296(1)(a).   "Claims of age-based discrimination under the NYSHRL are analyzed under the same standard as discrimination claims brought under the ADEA," <u>i.e.</u>, the <u>McDonnell Douglas</u> burden shifting analysis.   <u>Powell v. Delta Airlines</u>, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015) (quoting <u>Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.</u>, 374 F.3d 66, 71 n.2 (2d Cir.2004)).   Thus, to establish a <u>prima</u>

facie case of age discrimination under the NYSHRL, as under the
ADEA, the plaintiff must demonstrate: "(1) that she was within the
protected age group, (2) that she was qualified for the position,
(3) that she experienced adverse employment action, and (4) that
such action occurred under circumstances giving rise to an
inference of discrimination." Id. at 199 (quoting Gorzynski v.
JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010)). At the
pleadings stage, the plaintiff need not establish every element of
the McDonnell Douglas prima facie case. Littlejohn v. City of New
York, 795 F.3d 297, 311 (2d Cir. 2015); Vega v. Hempstead Union
Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015). Rather, the
plaintiff must allege facts that give "plausible support to the
reduced requirements" of the prima facie case. Id. In other
words, the plaintiff must plead facts sufficient to give "plausible
support" to his "minimal" burden, which is governed by the statute
under which he brings his claims. Powell, 145 F. Supp. 3d at 196-
97 (citing Vega, 801 F.3d at 84).

Here, the parties dispute whether Plaintiff has alleged
facts that give plausible support to a minimal inference of age-
based discrimination. (Defs. Br. at 4-8; Pl. Opp. at 7-8.) "As
there is no direct evidence of discrimination, the Court looks to
whether the allegations support a 'plausible inference of
discrimination.'" Thomson v. Odyssey House, No. 14-CV-3857, 2015
WL 5561209, at *14 (E.D.N.Y. Sept. 21, 2015) (quoting Vega, 801

F.3d at 87). "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's . . . invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" Littlejohn, 795 F.3d at 312 (quoting Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)). Further, the Second Circuit has instructed courts making the plausibility determination to be "mindful of the elusive nature of intentional discrimination," which often requires plaintiffs to "rely on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination." Vega, 801 F.3d at 86-87.

Examining the Complaint, the Court notes that it does not contain allegations that Defendants made invidious or disparaging comments reflecting animus toward Plaintiff's age, as is often the case. See Anyachebelu v. Brooklyn Hosp. Ctr., No. 16-CV-3159, 2017 WL 9511073, at *13 (E.D.N.Y. Sept. 22, 2017) (collecting cases); see also Lebowitz v. N.Y.C. Dep't of Educ., 407 F. Supp. 3d 158, 173 (E.D.N.Y. 2017)(in denying motion to dismiss finding plaintiffs "ma[d]e a number of statements that plausibly allege[d] that age was the but-for cause behind" the adverse employment action suffered); Brown v. Montefiore Med. Ctr., No. 15-CV-0724, 2017 WL 11512629, at *9 (S.D.N.Y. Mar. 21,

2017)(finding plaintiff alleged "multiple disparaging remarks" by supervisor regarding plaintiff's protected status and that, considered in context, those allegations were sufficient to support a plausible inference of discrimination). Nor does the Complaint contain allegations that Defendants treated similarly situated younger employees more favorably than Plaintiff, another circumstance often giving rise to an inference of discrimination. Compare Mulvaney v. City of Rochester, No. 18-CV-6367, 2019 WL 2250014, at *4 (W.D.N.Y. May 22, 2019), and Prisco v. Air Indus. Grp., No. 15-CV-7340, 2017 WL 9485663, at *8 (E.D.N.Y. Sept. 1, 2017), report and recommendation adopted, 2017 WL 4417665 (E.D.N.Y. Sept. 30, 2017), with Epstein v. County of Suffolk, No. 14-CV-0937, 2016 WL 4257349, at *4 (E.D.N.Y. Aug. 11, 2016); and Pustilnik v. Battery Park City Auth., No. 18-CV-9446, 2019 WL 6498711, at *5 (S.D.N.Y. Dec. 3, 2019). Therefore, if the Court is to find an inference of discrimination here, it must be based on the sequence of events leading to Plaintiff's termination.

Yet the sequence of events alleged here does not support an inference of age-based discrimination. Plaintiff's theory is that (1) he is sixty years old, (2) Defendants halved his compensation and terminated him two months after his return from FMLA leave, (3) therefore, Defendants took those actions because of his age. But Plaintiff does not allege facts that would allow this Court to "connect the dots" between Defendants' actions and

8

Plaintiff's age.  Henry v. N.Y.C. Health & Hosp. Corp., 18 F. Supp. 3d 396, 410 (S.D.N.Y. 2014) (quoting Acosta v. City of New York, No. 11-CV-0856, 2012 WL 1506954, at *4 (S.D.N.Y. 2012)).  Indeed, other courts in this Circuit that have based their finding of an inference of discriminatory intent on the sequence of events leading to the adverse employment action also identified instances of invidious comments or other evidence of disparate treatment of similarly situated individuals outside the plaintiff's protected class to support their conclusion.  See Hausdorf v. N.Y.C. Dep't of Educ., No. 17-CV-2115, 2018 WL 1871945, at *8 (S.D.N.Y. Jan. 25, 2018) ("This sequence of events," together with comments from plaintiff's employer about plaintiff's retirement and other actions that were designed to force plaintiff into retirement, "supplied at least minimal support for the proposition that the employer was motivated by discriminatory intent."), report and recommendation adopted, 2018 WL 895657 (S.D.N.Y. Feb. 14, 2018); Famighette v. Rose, No. 17-CV-2553, 2018 WL 2048371, at *4 (E.D.N.Y. May 2, 2018) ("This sequence of events leading to plaintiff's discharge," as well as plaintiff's replacement, after fourteen years of service with "distinction and commendation," by a younger, less qualified and experienced individual, suggested "an inference of age discrimination."); Powell v. Delta Airlines, 145 F. Supp. 3d 189, 200-01 (E.D.N.Y. 2015).

In fact, Powell, on which Plaintiff relies heavily (Pl. Opp. at 5-7) is instructive as to why Plaintiff's Complaint cannot make out an inference of age discrimination.  In Powell, the plaintiff, a fifty-three-year-old man, informed his employer that he did not intend to accept a retirement incentive package and retire when he turned fifty-five.  Powell, 145 F. Supp. at 193. The plaintiff alleged that, for the following two-and-a-half years, the defendant "created a series of unfounded reports of alleged deficiencies in [the p]laintiff's performance," withheld, without justification, the yearly salary increase he was due, and, finally, terminated him after he failed to properly perform an assignment outside the typical scope of his duties and for which he received no training.  Id. at 193-95, 200.  The Powell court found this sequence of events was sufficient to give rise to a plausible inference of age-based discrimination.  Id. at 200.  Such fact-specific allegations are lacking here, making Powell distinguishable and Plaintiff's reliance upon it misplaced.

Rather, the Court finds the facts here are more aligned with those present in Ochei and Zucker, where the courts were faced with "barebones allegations" and "naked assertions" that "some protected demographic factor motivated an employment decision, without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's membership in a protected class."  Ochei v. Mary Manning Walsh Nursing Home Co., No. 10-CV-

2548, 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011); Zucker v. Five Towns Coll., 09-CV-4884, 2010 WL 3310698, at *2 (E.D.N.Y. Aug. 18, 2010). As this Court explained in Zucker, "without actual facts suggesting discriminatory animus, age discrimination is just one 'possibility' for [the defendant's] actions." Zucker, 2010 WL 3310698, at *2 (emphasis in original) (quoting Iqbal, 556 U.S. at 678). "Given that employment decisions involve 'subjective individualized assessments'" that may be unrelated to discrimination, id., and in the interest of "protect[ing] employers from precisely this sort of untenable situation," Ochei, 2011 WL 744738, at *3, this Court finds that Plaintiff's allegations here are simply too conclusory to withstand a motion to dismiss. See Deleon v. Teamsters Local 802, LLC, 20-CV-0024, slip op. at 24 (E.D.N.Y. Mar. 29, 2021) (holding plaintiff's complaint failed to "assert nonconclusory factual matter sufficient to nudge [plaintiff's discrimination] claims across the line from conceivable to plausible"). While Defendants' conduct "may run afoul of . . . [other] federal labor laws," like the FMLA, see Dressler v. City Sch. Dist. of N.Y.C., No. 15-CV-3696, 2016 WL 4367967, at 4 (S.D.N.Y. Aug. 15, 2016), as alleged, it is not within the ambit of the NYSHRL.

Accordingly, Plaintiff's age discrimination claim under the NYSHRL is dismissed without prejudice. Should Plaintiff wish to pursue this claim, he is directed to file an amended complaint

that sets forth facts sufficient to support a plausible inference of age-based discrimination.

B.   Disability Discrimination

To survive Defendants' motion to dismiss his NYSHRL disability discrimination claims, Plaintiff "must allege facts to show that [his] employer took adverse action against [him], and that the action was taken because of [his] disability or perceived disability. Lebowitz v. N.Y.C. Dep't of Educ., 407 F. Supp. 3d 158, 175 (E.D.N.Y. 2017) (citing Thomson, 2015 WL 5561209, at *16, *18 (articulating pleading standard under ADA and applying same to NYSHRL claims)). In his Complaint, Plaintiff advances two theories of disability discrimination: (1) Defendants discriminated against Plaintiff by halving his salary and terminating him based on their perception that he was disabled; and (2) Defendants acted in an unlawful discriminatory manner without engaging in an interactive process to determine the true state of his health.[2] (Pl. Opp. at 8-11.) Both theories fail, because the Complaint is devoid of any facts that would support the inference that Defendants perceived Plaintiff as disabled.

---

[2] Although in his Complaint, Plaintiff asserts his claim for "failure to engage in an interactive process" as an independent cause of action, his Opposition recasts this argument as "a theory of disability discrimination under the NYSHRL . . . ." (Pl. Opp. at 10.) Thus, the Court considers it together with Plaintiff's perceived disability claim.

First, Plaintiff has failed to present any allegations that would give rise to the inference that Defendants took adverse action against him because of his alleged perceived disability. See Thomson, 2015 WL 5561209, at *16.   Rather, the Complaint alleges the opposite:   Plaintiff "fully recover[ed]" during his absence and resumed his duties upon return from FMLA leave "without any restrictions or impairment."   (Compl. ¶ 23.)   The fact that Defendants returned Plaintiff to his position upon return from FMLA leave undercuts his claim that Defendants perceived him as disabled and discriminated against him based on that perception. See Glidden v. County of Monroe, 950 F. Supp. 73, 77 n.4 (W.D.N.Y. 1997) ("[T]he fact that [the defendant] hired plaintiff for a full-time [licensed practical nurse] position with full knowledge of plaintiff's previous 'nervous breakdown' undercuts plaintiff[']s claim of discrimination and suggests that [defendant] does not discriminate against individuals with previous mental impairments."); Prisco, 2017 WL 9485663, at *11, (reasoning that "if Defendants were aware of [Plaintiff's] disability" then "it is certainly less likely that he would have been retained and, as Plaintiff argues, relied upon to play a key role in the organization moving forward").   Thus, the facts here are distinguishable from those in Powell v. Metro One Loss Prevention Services Group, upon which Plaintiff relies, where the plaintiff alleged that the defendant placed him on leave, refused to accept

13

several notes from the plaintiff's doctor that he could return to work without restrictions, refused to take calls from the plaintiff's doctor, and finally terminated the plaintiff before he was allowed to return from leave. Metro One, No. 12-CV-4221, 2013 WL 3956377, at *10-11 (S.D.N.Y. July 26, 2013). While these facts enabled the Metro One court to infer the defendant's employment actions were because of the plaintiff's perceived disability, Plaintiff's Complaint fails to support such an inference. Cf. Marquez v. Starrett City Assocs., 406 F. Supp. 3d 197, 207-08 (E.D.N.Y. 2017) (collecting cases where factual allegations enabled the court to draw an inference of discrimination, such as where the plaintiff's supervisors "made comments regarding Plaintiff's disability" or "changed Plaintiff's responsibilities" to require tasks outside his or her scope of responsibilities).

Second, Plaintiff cannot make out a claim based on Defendants' alleged failure to engage in an "interactive process," because Plaintiff does not allege that he attempted to initiate that interactive process or otherwise requested an accommodation. Thomson, 2015 WL 5561209, at *19. Nor does Plaintiff allege that his "disability was obvious or otherwise known to" Defendants, such that it was incumbent on Defendants to initiate the process, id.; to the contrary, upon return from FMLA leave Plaintiff "was able to resume his duties . . . without any restrictions or impairment." (Compl. ¶ 23.) Last, the Court finds this outcome

14

is consistent with the body of law under the ADA, cited by Defendants (Reply at 7), that holds "regarded as" disabled claims, similar to "perceived disability" claims brought under the NYSHRL, are not actionable on a failure-to-accommodate theory. See, e.g., Morris v. Town of Islip, No. 12-CV-2984, 2014 WL 4700227, at *8 (E.D.N.Y. Sept. 22, 2014) (Bianco, J.).

Accordingly, Defendant's motion to dismiss Plaintiff's disability discrimination claim under the NYSHRL is GRANTED, and Plaintiff's claim is dismissed without prejudice. Should Plaintiff wish to pursue this claim, he is directed to file an amended complaint that sets forth facts sufficient to support a plausible inference of disability discrimination.

C.   Retaliation

To establish a prima facie case of retaliation under the NYSHRL, "an employee must show (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Sotomayor v. City of New York, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) (quoting Feingold v. New York, 366 F.3d 138, 156 (2d Cir.2004)), aff'd, 713 F.3d 163 (2d Cir. 2013).

Here, Plaintiff has failed to show that he engaged in any "protected activity." According to the Complaint, Plaintiff alleges Defendants retaliated against him "for exercising his

15

protected right to take a reasonable, authorized and medically necessary leave of absence from work," i.e., for taking FMLA leave. (Compl. ¶ 55.)  But taking FMLA leave is not a protected activity under the NYSHRL.  Sotomayor, 862 F. Supp. 2d at 262 (finding taking FMLA leave is not a "protected activity" under the NYSHRL, among other statutes and citing, inter alia, N.Y. Exec. Law § 296(7)).  To avoid this pleading deficiency, Plaintiff attempts to reframe his retaliation claim by arguing in his Opposition that this claim is premised on Defendants terminating him after he "repeatedly rais[ed] his objections to the reduction of his salary."  (Pl. Opp. at 11.)  However, it is well established that "Plaintiff cannot amend [his] pleadings through [his] briefs."  Tappin v. Metropolitan Suburban Bus Auth., No. 12-CV-2016, 2014 WL 1330649, at *5 (E.D.N.Y. Mar. 31, 2014) (Seybert, J.).

Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim under the NYSHRL is GRANTED, and Plaintiff's claim is dismissed without prejudice.

D.    Aiding and Abetting

The NYSHRL allows for individual liability where a defendant aided and abetted the unlawful discriminatory acts of others.  See N.Y. Exec. Law § 296(6).  However, the predicate to imposing individual aider and abettor liability under § 296(6) is the finding of impermissible discrimination.  Jain v. McGraw-Hill Cos., 827 F. Supp. 2d at 272, 277.  Because the Court finds

16

Plaintiff has failed to allege facts supporting an inference of discrimination, he cannot sustain an aiding and abetting claim against Defendant Ruttura.   Accordingly, Defendant's motion to dismiss Plaintiff's aiding and abetting claim under the NYSHRL is GRANTED, and Plaintiff's claim is dismissed without prejudice.

CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and Plaintiff's claims under the NYSHRL for age and disability discrimination, retaliation, and aiding and abetting are dismissed without prejudice to refiling, consistent with this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March _31_, 2021
       Central Islip, New York